# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs March 26, 2013

## JAMES PERRY HYDE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamblen County**
**No. 11CR390     Thomas Wright, Judge**

_____

### No. E2012-01243-CCA-R3-PC-JULY 31, 2013

_____

Petitioner, James Perry Hyde, has appealed from the Hamblen County Criminal Court's dismissal of his Petition for Forensic DNA Analysis pursuant to Tennessee Code Annotated section Title 40, Chapter 30, Part 3.  After review of the entire record, we conclude that the analysis sought by Petitioner is not included within the statutory definition of "DNA analysis."  We therefore affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Stephen Ross Johnson, Knoxville, Tennessee, for the appellant, James Perry Hyde.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Greg W. Eichelman, District Attorney General; and Victor Vaughn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Following a jury trial in July 1993, Petitioner was convicted of rape of a child and was sentenced to serve twenty-five years' incarceration in the Tennessee Department of Correction.  The conviction and sentence were affirmed on direct appeal to this court.  *State v. James Perry Hyde*, No. 03C01-9401-CR-00010, 1996 WL 426543 (Tenn. Crim. App. July 31, 1996) *perm. app. denied,* concurring in results only (Tenn. March 2, 1998).  The proof at trial was that Petitioner committed the offense in September 1992, by inserting an enema device filled with cough syrup into the victim's rectum.  *Id*. at *6.  Petitioner gave a

statement to an investigator with the District Attorney General's office, which was summed up in the investigator's testimony at trial as follows:

> [Petitioner] told me that on September 14, 1992, that he could remember having [the victim] take off her clothes. He said he then remembered giving [the victim] an enema with some cough syrup and he placed it in her rectum. He told me he loved [the victim] very much. Said, I can't remember anything else that happened. I remember it happening upstairs in the bathroom. This happened in the morning hours after [his wife] went to work. I don't know why I did this.

*Id*.

This court further summarized the investigator's testimony about Petitioner's statement regarding the rape as follows:

> According to [the investigator] the appellant refused to swear that the statement was true due to his religious beliefs. However, he did state, "This did happen in Hamblen County, Tennessee, and I am giving the statement to get it off my conscience and to help [the victim]." Williamson specifically asked the appellant whether he was making the statement "so [the victim] would leave him alone" or because it was the truth. He replied that the statement was true.

*Id*.

Petitioner, who was fifty-one years old at the time of his trial, testified in his own defense. He denied giving the victim a cough syrup enema and denied ever having any sexual contact with the victim. *Id*. at \*7. Petitioner explained the inculpatory statements to police by stating the interview was intense, he was called a liar, he went into shock, and he "would have probably signed or done anything to get out of there." *Id*. at \*8. Petitioner also testified that he did *not* refuse to swear that the statement was true because of his religious beliefs; rather, Petitioner asserted that he refused to swear to the truth of the statement simply because the statement was not true.

Petitioner seeks DNA testing to confirm whether or not female epithelial skin or mucous membrane cells are in or on the enema device. Petitioner submitted the affidavit and supplemental affidavit of a forensic serologist/DNA analyst, who concluded, among other things, that if the enema device was actually used as the proof showed at trial, then epithelial

-2-

skin cells or mucous membrane cells of the victim should still be on the device, even if Petitioner had used it before it was seized and even if it had been washed.

Relying upon our supreme court's opinion in *Powers v. State*, 343 S.W.3d 36 (Tenn. 2011), Petitioner argues that the Post-Conviction DNA Analysis Act (Tenn. Code Ann. §§ 40-30-301 – 40-30-313) requires the enema device to be subjected to DNA testing. Petitioner's theory is that the testing will confirm the lack of any female epithelial skin cells or mucous membrane cells on the device and thus prove his innocence of the crime for which he was convicted, or that it is more likely than not he would not have been convicted.

Controlling the issue on appeal is the fact that Petitioner has no desire to compare DNA evidence found on the enema device with the DNA of any known person (such as the victim) or any as yet unknown perpetrator (such as from a DNA database). Petitioner's sole goal is to use DNA testing to show a lack of evidence to support his conviction, and *not* to use DNA testing for identification of the perpetrator of a crime.

Thus, Petitioner's reliance upon *Powers* is misplaced. The issues and the holding in *Powers* were stated as follows:

> We granted the petitioner's application for permission to appeal to determine (1) whether the General Assembly intended to permit petitioners proceeding under the Act to use DNA database matches to satisfy their burden and (2) whether the Court of Criminal Appeals' interpretation of the statute served to preclude the development of scientific evidence supportive of actual innocence. We hold that the Post- Conviction DNA Analysis Act permits access to a DNA database if a positive match between the crime scene DNA and a profile contained within the database would create a reasonable probability that a petitioner would not have been prosecuted or convicted if exculpatory results had been obtained or would have rendered a more favorable verdict or sentence if the results had been previously available.

*Powers*, 343 S.W.3d at 39.

The interpretation of the Act which is mentioned above in the *Powers* opinion is this court's holding in *Crawford v. State*, E2002-02334-CCA-R3-PC, 2003 WL 21782328 (Tenn. Crim. App. Aug. 4, 2003). As quoted in *Powers*, the holding of *Crawford* which was abrogated by *Powers* is that the definition of "DNA analysis" contained in Tennessee Code Annotated section 40-30-202 **only** permits "DNA analysis which compares the petitioner's

DNA samples to DNA samples taken from biological specimens gathered at the time of the offense." *Powers*, 343 S.W.3d at 49 (quoting *Crawford*, at *3).

The holding in *Powers* does not require DNA analysis of a trial exhibit to determine the presence or absence of DNA which might belong to the victim. In order to determine if the DNA Analysis Act is applicable as provided in Tennessee Code Annotated sections 40-30-304 and 40-30-305, the type of testing requested must still fit the definition of "DNA analysis" contained in Tennessee Code Annotated section 40-30-302. *See Powers*, 343 S.W.3d at 53-54 (while we have determined that the Act contemplates the type of DNA analysis sought by the Petitioner, the remaining question is whether he is entitled to it under the facts. . ."

Tennessee Code Annotated section 40-30-302 states that "'DNA analysis' means the process through which deoxyribonucleic acid (DNA) in a human biological specimen is *analyzed* and *compared* with DNA from *another biological specimen* for *identification purposes*." (emphasis added). In essence, Petitioner seeks to attack the sufficiency of the evidence to support his conviction for rape of a child. He hopes to do this by poof that DNA from the female victim cannot be located in or on an enema device used twenty years ago in the commission of the crime. This type of DNA analysis is not authorized by the plain language of the statute, or in the holding of our supreme court in *Powers*. Petitioner is not entitled to relief in this appeal.

**CONCLUSION**

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-4-